IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00069-GPG

GERALD ZACHARY HAMMOND,

    Plaintiff,

v.

DR. PETER CRUM,
DR. STOB,
CAROL ROGERS, Health Care Admin.,
CAPT. KOONCE, ADA Officer,
EUGENE, RN Nurse,
RHONDA, RN Nurse,
JANELL, RN Nurse,
ANGELA, RN Nurse,
JOE, RN Nurse,
JESSICA, RN Nurse,
JOANNE, RN Nurse,
KIM, RN Nurse,
DON, RN Nurse,
KAREN, RN Nurse,
WENDY, RN Nurse,
DEE, RN Nurse,
LEAH, RN Nurse,
JOSH, RN Nurse,
JIM, RN Nurse,
KELLIE/KELLY, RN Nurse,
PATRICK FIRMAN,
CARMEN, Nurse Super., and
D.S.D. DOBBINS,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Gerald Zachary Hammond, is an inmate at the Denver County Jail in

Denver, Colorado. Mr. Hammond initiated this action by filing *pro se* a Prisoner

Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming his federal constitutional rights have been violated. On January 13, 2016, Magistrate Judge Gordon P. Gallagher ordered Mr. Hammond to file an amended Prisoner Complaint that clarifies the claims he is asserting. Magistrate Judge Gallagher determined the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because Mr. Hammond failed to provide a short and plain statement of his claims showing he is entitled to relief. Magistrate Judge Gallagher specifically advised Mr. Hammond regarding the factual allegations necessary to support a § 1983 claim and that he must allege specific facts that demonstrate each Defendant personally participated in the asserted constitutional violations. Magistrate Judge Gallagher warned Mr. Hammond that, if he failed to file an amended Prisoner Complaint that complies with the pleading requirements of Rule 8 within thirty days, the action would be dismissed without further notice. Despite this warning, Mr. Hammond has not filed an amended Prisoner Complaint as directed.

The Court must construe the Prisoner Complaint liberally because Mr. Hammond is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the action will be dismissed.

The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See*

*Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The Court agrees with Magistrate Judge Gallagher that the Prisoner Complaint (ECF No. 1) does not provide a short and plain statement of the claims Mr. Hammond is asserting against Defendants that demonstrate he is entitled to relief. Furthermore, despite the specific instructions provided by Magistrate Judge Gallagher, Mr. Hammond has failed to file an amended Prisoner Complaint that clarifies his claims. As a result, Mr. Hammond fails to provide Defendants fair notice of the specific claims being asserted against them and the specific factual allegations that support each asserted claim.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall*, 935 F.2d at 1110.

The action will be dismissed because the Prisoner Complaint does not comply with the pleading requirements of Rule 8.  The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Prisoner Complaint (ECF No. 1) and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Hammond has failed to file a pleading that complies with the pleading requirements of

the Federal Rules of Civil Procedure.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   19th   day of   February  , 2016.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court